*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. C. WILLIAMS, Minor.

UNPUBLISHED
April 16, 2026
11:53 AM

No. 375701
Wayne Circuit Court
Family Division
LC No. 2020-001104-NA

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

At birth, respondent-mother's child tested positive for marijuana. The child was removed from respondent-mother's care and ultimately, respondent-mother's parental rights were terminated. Respondent-mother now appeals, arguing that termination was not in the child's best interests. Because the trial court properly considered the child's best interests, we affirm.

When the child in this case was born and tested positive for marijuana, respondent-mother's two other children were already in petitioner's care. Petitioner became involved with those children because respondent-mother left the children with the maternal grandmother for two months without support or knowledge of respondent-mother's whereabouts. Additionally, petitioner investigated incidents where one child ingested medication and the other tested positive for marijuana at birth, like the child in this case. They were removed from respondent-mother's care and placed with the maternal grandmother, while respondent-mother was ordered to attend mental health services, therapy, and drug screenings and to obtain appropriate income and housing.

In this case, respondent-mother's child was removed from her care and placed with a foster parent. At that time, respondent-mother was allegedly not in compliance with her treatment plan and lived with respondent-father, who had a criminal history of weapons and drugs. Over the next three years, respondent-mother made some progress on her treatment plan by completing parenting classes, obtaining income and housing, and removing herself from her relationship with respondent-father, but she failed to attend therapy. For drug screenings, although testing negative every time, respondent-mother only completed 8 of the 50 ordered screens. And out of the 158

possible weekly supervised visits with the child, respondent-mother participated in 31, claiming issues with transportation and scheduling.

At the hearing on termination, the trial court was concerned with respondent-mother's inconsistent and infrequent visitation with the child and a "lack of commitment to parenting the child." The trial court concluded that petitioner demonstrated by clear and convincing evidence statutory grounds for termination under MCL 712A.19b(3)(c)(*i*) and (j). At the hearing on best interests, the trial court expressed the same concerns about respondent-mother's visitation history and considered the effects of severing the bond that the child had with her foster parent. The trial court ultimately found that termination of respondent-mother's parental rights was in the child's best interests. Respondent-mother now appeals.

On appeal, respondent-mother argues that termination of her parental rights was not in the child's best interests. We review for clear error the trial court's decision regarding the child's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court made a clear error if after reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been made." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). In our review, due regard is "given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C).

Once the trial court determines that the petitioner presented clear and convincing evidence that a statutory ground for termination is established, the trial court then decides whether termination is in the child's best interests based on a preponderance of the evidence. *In re LaFrance*, 306 Mich App 713, 732-733; 858 NW2d 143 (2014). When determining whether termination is in the child's best interests, the trial court should consider the child's bond to respondent-mother, respondent-mother's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over respondent-mother's home, *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012); in addition, the trial court may consider respondent-mother's history of domestic violence, respondent-mother's compliance with the case service plan, respondent-mother's visitation history, the possibility of adoption, and the child's well-being, *In re White*, 303 Mich App at 714. The focus should be on the child, rather than respondent-mother, when making a best-interests determination. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013).

Respondent-mother argues that the trial court erred when it did not consider that the child's two older siblings, who were in a separate open case as temporary court wards, were placed with a relative. Although a child's placement with a relative is a factor that must be considered in determining best interests, *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), a trial court is not required to consider relative placement when the child has already been placed in nonrelative foster care. *In re D M A N*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket Nos. 364518 and 364520); slip op at 5. The child in this case was placed in nonrelative foster care and so, the trial court was not required to consider relative placement, regardless of where other siblings in different petitions may be placed.

As for respondent-mother's contention that the trial court "did not address all, or at least the majority, of the well-recognized and established factors that trial courts have long utilized," the majority of factors for best interests are discretionary, not mandatory. *In re Olive/Metts*, 297

Mich App at 41-43 (stating that the trial court "may" consider the enumerated factors, whereas failure to consider relative placement "requires reversal"); *In re White*, 303 Mich App at 713-714 (stating that the trial court "should" consider a wide variety of factors that "may" include the enumerated factors). Regardless, the trial court considered many of the factors, including respondent-mother's visits and bond with the child, when it found that termination of respondent-mother's parental rights was in the child's best interests. The trial court's decision was not clearly erroneous.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle